## D'Iorio v. D'Iorio

*Joseph F. Saporito Jr.,* for plaintiff.
*Arthur F. Silberblatt,* for defendant.

STEVENS, *J.,* August 12, 1991—This matter comes before the court upon petition of Robert A. D'Iorio, plaintiff, seeking "special relief" pursuant to Pa.R.C.P. 1920.43 and 23 Pa.C.S. §3323(f) of the Divorce Code.

In 1986 defendant filed a complaint in divorce in the Circuit Court for the County of St. Joseph, State of Michigan, and was granted an ex parte divorce on August 29, 1988, by that court. On April 26, 1990, the Michigan court granted defendant's motion for a temporary restraining order concerning certain property, an order which has frozen plaintiff's pension plan currently held with the Trust Department of United Penn Bank.

Plaintiff filed a complaint for equitable distribution on November 5, 1990. On November 8, 1990, jurisdiction was transferred from Michigan to Pennsylvania.

On November 20, 1990, plaintiff filed a petition for special relief in Luzerne County, seeking to set aside the temporary restraining order entered April 26, 1990, by the Circuit Court for the County of St. Joseph, State of Michigan, and the court denied plaintiff's request to set aside that order.

Plaintiff filed a complaint for custody on May 13, 1991, and by consent order dated June 26, 1991, legal custody of the minor children of the parties was awarded to plaintiff, Robert A. D'Iorio.

On June 17, 1991, Frank W. Nocito, Esq., was appointed master with respect to the claims of alimony, alimony pendente lite, distribution of property, counsel fees, costs and expenses. On July 17, 1991, plaintiff filed the within petition once again requesting this court to dissolve the April 26, 1990, temporary restraining order from Michigan, said Michigan order freezing the plaintiff's pension plan. Plaintiff has alleged a change of circumstance in that plaintiff now has custody of his minor children. Plaintiff seeks the financial resources' generated through the pension plan account held by the United Penn Bank to meet his increased expenses by virtue of the consent order awarding him custody of the parties' minor children.

Pennsylvania Rule of Civil Procedure 1920.43(a) states:

"(a) At any time after the filing of the complaint, on petition setting forth facts entitling the party to relief, the court may, upon such terms and conditions as it deems just, including the filing of security,

"(1) issue preliminary or special injunctions necessary to prevent the removal, disposition, alienation or encumbering of real or personal property in accordance with Rule 1531(a), (c), (d), and (e); or

"(2) order the seizure or attachment of real or personal property; or

"(3) grant other appropriate relief."

The question in the instant case is whether or not the court should invoke the special relief powers vested in it to set aside or otherwise dissolve the

order issued by the Michigan court freezing the pension fund account currently being held at United Penn Bank.

In *Kapes v. Kapes,* 78 Luzerne Leg. Reg. 214 (1988), President Judge Patrick J. Toole held that the broad powers of section 3323(f)* of the Divorce Code relating to special relief should be employed only in those cases where the following four prerequisites have been appropriately pled and proved:

"(1) The right(s) of the petitioner must be clear;

"(2) There must be an urgent necessity for intervention;

"(3) There must be no other adequate and available legal or equitable remedy, and

"(4) Greater injury will result by denying the relief than by granting the petition." 78 Luzerne Leg. Reg. at 217.

In the instant case, the court concludes that plaintiff's right to the exclusive possession of property is not "clear." The United Penn Bank account in question is marital property which is subject to equitable distribution in divorce proceedings, and a master has been appointed to conduct those divorce proceedings.

It is also clear that there is an adequate and available legal or equitable remedy in that plaintiff has a right to pursue child support against defendant, and further has available the remedy of a master's hearing to ultimately decide the issue of the

---

* "(f) *Equity power and jurisdiction of the court*—In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this part and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause." 23 Pa.C.S. §3323(f).

distribution of the pension. If plaintiff seeks monetary assistance as a result of the custody award to him of the couple's minor children, it is incumbent upon plaintiff to pursue appropriate support through the court system.

In *Kapes, supra,* President Judge Toole recognized that the courts have the authority and power in an appropriate case to effectuate the purposes of the Divorce Code but further stated that:

"We do not believe the legislature intended this section as a substitute for other established applicable and available legal and/or equitable remedies. This section, in our opinion, was enacted and intended to afford relief only when the petition and the evidence clearly establish a special need for such relief. We believe this section was intended to and should be restricted to those cases and causes where the facts and circumstances are truly special. . ." 78 Luzerne Leg. Reg. at 217.

For this court to grant the relief requested would be to prematurely decide equitable distribution, the question more properly before the master. Accordingly, the court enters the following

### ORDER

Upon consideration of the briefs and after argument and hearing, the petition for special relief is denied.